FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 16 2005 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MICHAEL GALVANI,

         Plaintiff,

    -against-

DAVID A. MANN,

         Defendant.
-----------------------------------------------------------X

VERIFIED COMPLAINT

CV-05 1406
SEYBERT, J.
MANN, M.

The plaintiff, MICHAEL GALVANI, by his attorneys, Spirn & Spirn, complaining of the defendant, DAVID A. MANN, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

FIRST: On or about the 21st day of July, 1995, a judgment was rendered in this court, under Index Number 91-2983 (JS), in favor of the plaintiff and against the defendant for the sum of Forty Thousand ($40,000) Dollars, with interest thereon from the 21st day of July, 1995 (Ex.A).

SECOND: A judgment roll was duly filed in the office of the Clerk of the County of Nassau on the 25th day of July, 1995, and the judgment was duly docketed in the Clerk's office on the 25th day of July, 1995. The plaintiff herein is still the owner and holder of that judgment.

THIRD: No part of the judgment has been paid or satisfied and there is now due on the judgment the sum of $40,000 ($40,000) Dollars, with interest thereon from the 21st day of July, 1995.

### AS AND FOR A SECOND CAUSE OF ACTION

FOURTH: On or about the 29th day of September, 1995, a judgment was rendered in this court, under Index Number 91-2983 (JS), in favor of the plaintiff and against the defendant for the sum of Thirty-Two Thousand Seventy-One Dollars and Fifty-Eight cents ($32,071.58) Dollars, with interest thereon from the 29th day of September, 1995 (Ex.B).

FIFTH: A judgment roll was duly filed in the office of the Clerk of the County of Nassau on the 26th day of October, 1995, and the judgment was duly docketed in the Clerk's office on the 26th day of October, 1995. The plaintiff herein is still the owner and holder of that

judgment.

SIXTH: No part of the judgment has been paid or satisfied and there is now due on the judgment the sum of $32,071.58 ($32,071.58) Dollars, with interest thereon from the 29th day of September, 1995

WHEREFORE, the plaintiff demands judgment against the defendant,
   (A) on the First Cause of Action in the sum of Forty Thousand ($40,000) Dollars, with interest thereon from the 21st day of July, 1995, together with the costs and disbursements of this action;
   (B) on the Second Cause of Action in the sum of Thirty-Two Thousand Seventy-One and 58/100 ($32,071.58) Dollars, with interest thereon from the 29th Day of September, 1995.

SPIRN & SPIRN
Attorneys for Plaintiff
311 Crossways Park Drive
Woodbury, N.Y. 11797
(516) 364-6464

By _____
Lawrence F. Spirn (LS-0105)

STATE OF NEW YORK }
                    } s.s.:
COUNTY OF NASSAU }

I, MICHAEL GALVANI, being duly sworn, depose and say:

I am the Plaintiff in the above captioned action and I have read the foregoing Complaint and know the contents thereof and the same is true of my own knowledge, except as to those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
MICHAEL GALVANI

Sworn to before me on this
15th day of March, 2005

_____
Notary Public

LAWRENCE F. SPIRN
Notary Public, State of New York
No. 30-9131065
Qualified in Nassau County
Commission Expires May 31, 20 06

# EXHIBIT A

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

EASTERN DISTRICT OF NEW YORK

MICHAEL GALVANI

**JUDGMENT IN A CIVIL CASE**

V.

DAVID MANN

CASE NUMBER: 91-2983 (JS)

[X] **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is hereby entered in favor of the plaintiff MICHAEL GALVANI and against the defendant DAVID MANN in the sum of $40,000.00.

7/21/95
Date

ROBERT C. HEINEMANN
Clerk

(By) Deputy Clerk

# Exhibit B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    ORDER
------------------------------------x
MICHAEL GALVANI,                                CV 91-2983  (JS)
                    Plaintiff,                  (Hon. Joanna Seybert)
                                                (Mag. Judge R. Mann)

        - against -
                                                Action #1
DAVID A. MANN, Police Officer,
Nassau County Police Department,
Individually and in his official
capacity, and the COUNTY OF NASSAU,

                    Defendants.
------------------------------------x
CAMILLE PESCE COHEN, Executrix
of the ESTATE OF JILL BETH COHEN,               CV 92-3115 (JS)
                                                (Hon. Joanna Seybert)
                                                (Mag. Judge R. Mann)

                    Plaintiff,
                                                Action #2
        - against -

POLICE OFFICER DAVID MANN, THE
COUNTY OF NASSAU and NASSAU
COUNTY POLICE DEPARTMENT,

                    Defendants
------------------------------------x
```

The plaintiff, MICHAEL GALVANI, having moved this Court for an award of counsel fees pursuant to 42 U.S.C. §1988, and in support thereof, Lawrence F. Spirn, Esq., attorney for MICHAEL GALVANI submitted an affirmation setting forth the nature and extent of the services rendered, the background and experience of counsel, the hourly rate reasonably charged by counsel for his legal services, and the Court having read and considered plaintiff's application for an award of counsel fees and having considered all of the exhibits in support thereof, and having considered the itemized schedule of services rendered by Lawrence

1

F. Spirn, Esq., and the application having been served upon counsel for the defendant DAVID MANN, and the motion having been made returnable on August 18, 1995 on notice to defendant and there being no opposition to the application for counsel fees, it is

ORDERED that plaintiff's application for counsel fees be granted; and it is further

ORDERED that the total number of hours expended by plaintiff's counsel equaling ~~128.25~~ 129.00 hours appears in all respects to be reasonable, appropriate and necessary in connection with the prosecution of this action, exclusive of time attributable to preparing the fee application; and it is further

ORDERED that the hourly rate of $250.00 per hour is reasonable and consistent with attorneys of comparable experience in the geographical area of counsel's law practice; and it is further

ORDERED that the disbursements claimed by plaintiff's counsel in the total sum of $321.58 are reasonable and proper and supported by documentary evidence annexed to plaintiff's motion; and it is therefore

ORDERED that plaintiff shall, without opposition, have judgment against the defendant in the amount of ~~$32,384.08~~ $32,071.58 as and for plaintiff's counsel fees in connection with this action.

Dated: Uniondale, New York
September 29, 1995

SO ORDERED:

*Joanna Seybert*
Hon. Joanna Seybert
United States District Judge

2